# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**HORACE BENJAMIN CUMMINGS,**

    **Plaintiff,**

vs.                            Case No. 4:24-cv-00194-WS-MAF

**DR. WILLIAM CRUNK, ET AL.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon Plaintiff's "Emergency" motion for a preliminary injunction. ECF No. 9. For the reasons stated, the motion is due to be denied. A brief discussion of the procedural history of this case is relevant.

### I. Procedural History

Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 but did not pay the filing fee. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* (IFP), which the Court denied because it was not on the proper form, the financial certificate was not signed by a prison official, and Plaintiff did not provide the requisite six-month inmate account statement. ECF Nos. 2, 4. The Court ordered Plaintiff to either file a proper IFP motion or, alternatively, pay the $405 fee by June 7, 2024, and advised this case

would not proceed without payment of the filing fee or, alternatively, a proper motion showing that he is entitled to IFP status. ECF No. 4. Rather than refile an IFP motion, Plaintiff filed a notice stating that he submitted a request to prison officials to send a check to the Court to resolve the filing fee. ECF No. 8. That fee has yet to be received by the Court though there is time remaining.

In the initial complaint, Plaintiff describes a series of events and treatments he received from prison physicians, including two orthopedic surgeons, James R. Ryan, and Thomas Winters. ECF No. 1. Ryan and Winters are two of the defendants in this case. Plaintiff alleged he had two unsuccessful knee surgeries, which became infected. Id. Plaintiff alleged medical malpractice, negligence, and deliberate indifference to a serious medical need. Id. The Court screened Plaintiff's complaint, found it was legally insufficient, outlined the deficiencies, and ordered Plaintiff to amend his complaint on the proper form by **June 13, 2024**. ECF Nos. 6, 7. The Court advised Plaintiff this case would not proceed without a valid complaint. There is still time remaining to amend the complaint. Instead, Plaintiff filed the instant motion, which is addressed below. ECF No. 9.

## II. Plaintiff's Motion for Injunctive Relief, ECF No. 9.

In his "Emergency" motion for injunctive relief, Plaintiff states that he does not want the two orthopedists, Defendants Ryan and Winters, to perform a third surgery because he does "not feel safe." ECF No. 9, p. 2. Plaintiff attached his prison grievances demanding a second opinion by other physicians or transfer to Memorial Hospital and the prison's responses to his grievances. Id., pp. 3-9.

## III. Standard of Review

It is within the sound discretion of the district court to grant or deny a preliminary injunction, which will not be disturbed absent a clear abuse of discretion. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). See also LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). The standard for issuing a preliminary injunction is the same as is required for a temporary restraining order. See California v. American Stores Co., et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dep't of Agriculture, 734 F.2d 774 (11th Cir. 1984).

In order for Plaintiff to be entitled to a preliminary injunction, he must show:

   1. a substantial likelihood of success on the merits;
   2. the order is necessary to prevent irreparable injury;

3. the threatened injury outweighs the harm that the order would cause to the non-movant; and

4. the order is not adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); see also Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). District courts within the Eleventh Circuit are applying the standard set forth in Winter. See Madera v. Detzner, Case No. 1:18-cv-152-MW/GRJ, 325 F. Supp. 3d 1269, 1278 (N.D. Fla. Sept. 10, 2018) (citing Winter as the governing standard for a preliminary injunction). A preliminary injunction is "not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

> The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must be neither remote nor speculative, but actual and imminent. An injury is 'irreparable' only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations and quotations omitted).

Case No. 4:23-cv-00493-WS-MAF

Typically, the individual or entity from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842 (11th Cir. 1995); see Fed. R. Civ. P. 65(d) (stating that a preliminary injunction or temporary restraining order is binding on "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

## IV. Discussion

First, Plaintiff has not filed a legally sufficient complaint, did not pay the filing fee, and did not refile a proper IFP motion; therefore, as the Court previously advised, this case cannot proceed as is. See N.D. Fla. Loc. R. 5.3 and 5.7. Plaintiff has not met his burden of persuasion on the requirements for obtaining injunctive relief. No defendant has been served in this case, and discovery has not yet commenced. Plaintiff, essentially, seeks a temporary restraining order without notice to Defendants. Pursuant to Fed. R. Civ. P. 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss,

    or damage will result to the movant before the adverse party can be heard in opposition; and

  (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(Emphasis added).

  There is no verified complaint because the complaint was legally insufficient. Plaintiff is not represented by counsel and does not meet his burden that he will suffer immediate *and* irreparable injury before Defendants can be heard in this case. At this early juncture the record only contains Plaintiff's unsubstantiated allegations, which standing alone cannot meet the hurdle of showing a likelihood of success on the merits.

  Even if Plaintiff had a valid complaint and paid the fee, the relief Plaintiff seeks is unavailable. It is well settled that "prisoners aren't constitutionally entitled to their preferred treatment plan or to medical care that is great, or even very good." <u>Keohane v. Fla. Dep't of Corr., Sec'y</u>, 952 F.3d 1257, 1277 (11th Cir. 2024) (quotations and citations omitted). In other words, this Court has no authority to order prison officials to transfer Plaintiff to an outside hospital or other physician for treatment simply because he disagrees with the prison doctors or does "not feel safe." "A difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support" a claim under the Eighth Amendment

Case No. 4:23-cv-00493-WS-MAF

for deliberate indifference. <u>Hoffer v. Fla. Dep't of Corr.</u>, 973 F.3d 1263, 1273 (11th Cir. 2020) (citations omitted).

Because Plaintiff cannot satisfy all four prerequisites, his request for injunctive relief should be DENIED.

The Court is not unsympathetic to Plaintiff's claims and medical condition. The prison's response to Plaintiff's grievances state that, although he was approved for surgery, he has the right to refuse treatment. ECF No. 9, p. 4. Plaintiff does not, however, have the right to the provider or the treatment plan of his choice. Because Plaintiff cannot satisfy all four prerequisites, his request for injunctive relief should be DENIED.

## V.  Conclusion and Recommendation

It is respectfully recommended that Plaintiff's motion for injunctive relief, ECF No. 9, be **DENIED WITH PREJUDICE**.   The Clerk is directed to remand the case to the Undersigned Magistrate Judge for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 28, 2024.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:23-cv-00493-WS-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).